**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYANT KEITH WILLIAMS,

            Petitioner - Appellant,

v.

GARY SWARTHOUT, Warden,

            Respondent - Appellee.

No. 11-57255

D.C. No. 2:10-cv-04053-AG-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 4, 2014
Pasadena, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

On October 23, 2014, we filed an opinion reversing the district court's

denial of Williams's petition for writ of habeas corpus and directing the district

court to grant the writ. *See Williams v. Swarthout*, 771 F.3d 501, 509–10 (9th Cir.

2014). We stayed the mandate while the Supreme Court considered *Davis v.*

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Ayala*, No. 13-1428. The Supreme Court has since issued its opinion in *Ayala*. *See* 135 S. Ct. 2187 (2015). We have jurisdiction under 28 U.S.C. § 1291. We withdraw our former opinion and affirm the district court.

According to Williams, the California Court of Appeal determined that the trial court committed constitutional error by instructing the jury that Williams had pled guilty, but concluded that the error was harmless. Williams misreads the state court's opinion. Under California law, an alleged improper influence on the jury rises to a due process violation only if it was "'inherently and substantially likely to have influenced a juror.'" *People v. Ramos*, 101 P.3d 478, 497 (Cal. 2004) (quoting *People v. Nesler*, 941 P.2d 87, 99 (Cal. Ct. App. 1997)). Here, the state court of appeal concluded that the trial court's erroneous instruction was not inherently likely to influence the jury against Williams, and therefore that the error did not rise to a due process violation.

Even if the California Court of Appeal had found a constitutional violation, its conclusion that the superior court's error did not prejudice Williams was neither an unreasonable determination of the facts nor contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S. Ct. 2187, 2198–99 (2015). When a juror announced during deliberations that the trial court's erroneous statement that the defendant had pled guilty might have biased the juror, the court dismissed the juror and replaced him

with an alternate. Otherwise, the court took pains to ensure that its misstatement had not affected any other juror's ability to consider the evidence impartially. "'Fairminded jurists could disagree'" as to whether the district court's efforts cured any improper influence that its earlier misstatement may have had on the jurors. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**AFFIRMED.**

REINHARDT, Circuit Judge, concurs in the result.